PROBATE COURT OF CITY OF PAWTUCKET *vs.* FRANK GAUVIN
*et al.*

JUNE 16, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Probate Law. Bonds. Demand. Time.*

Where written demand for payment of distributive shares of an estate was made upon an administrator and writ was served upon him by the officer

making demand, objection that no time was given the administrator to comply with demand is without merit, when it appears that he understood the nature of the demand and gave the officer to understand that no attention would be paid to it.

*(2)   Probate Law.   Bonds.   Distribution.*

Among the obligations of the statutory bond given by an administrator is that of making payment to the distributees of the estate.

*(3)   Probate Law.   Distribution.   Action on Bond.*

Where an administrator has charged himself with a balance in cash subject to distribution and his account has been allowed and the time for appeal has expired it is too late for him to set up that he has not reduced all of the personalty to cash.

DEBT ON BOND of administrator.   Heard on exceptions of defendant and overruled.

STEARNS, J.   This is an action of debt on an administrator's bond given by Frank Gauvin, administrator of the estate of Onesime Gauvin, and the New Amsterdam Casualty Co. as surety, brought by the probate court for the benefit of the widow and the heirs of Onesime Gauvin.

The breach alleged is the refusal of the administrator to comply with an order of distribution made by the probate court.   Jury trial was waived and the case was tried by a justice of the Superior Court who rendered decision for plaintiff for the penal sum of the bond.   The case is here on the defendants' bill of exceptions.

The defendants claim there was no breach of the bond and that no proper demand was made upon the administrator before issuing the writ in this case.

Onesime Gauvin died in Pawtucket, February 16, 1919. March 26, Frank Gauvin was appointed administrator and on July 1, he filed his bond in the required statutory form. An inventory of the estate was taken and on August 22 was filed by the administrator in the probate court.   September 10 the administrator, on his petition, was authorized to sell the stock and fixtures of the grocery store, certain mortgage notes, and shares of corporations belonging to the estate. Later an allowance for the support of the widow and

children was made by the probate court and a compromise agreement with a creditor of the estate was approved by the probate court.   On petition of the surety, April 4, 1923, to be released as surety from further liability upon said bond and that the administrator be required to give a new bond and to file an account of his administration, the administrator was ordered to render an account. of his administration on or before May 2, 1923.   The administrator presented his first and final account and the same, after amendments made, was allowed January 16, 1924. The administrator charged himself with receipts of $5,786.20

(1) and asked to be allowed for sundry payments and charges $4,797.80, leaving a balance of $988.40 for distribution. December 27, 1923, the administrator filed a petition praying that an order of distribution be entered distributing the balance of the estate to the widow and heirs at law in the proportion and in the amounts set forth therein.   This petition was granted January 16, 1924.   March 19, 1924, one of the heirs petitioned that the administrator be adjudged guilty of unfaithful administration for failure to make distribution as ordered.   April 10, 1924, a written demand on behalf of the widow and the heirs for the payment of their distributive shares of the estate was made upon the administrator and, upon his refusal, the writ in this action was served by the officer who presented the demand.

   Objection is made to this demand because no time was given to the administrator to comply therewith.   This objection is without merit.   It is apparent from the evidence the administrator understood that a demand was made and also gave the officer to understand that no atten-

(2) tion would be paid to it.   The administrator claims the obligation of this bond did not include payment to the distributees.   There is no merit to this claim.   By the second clause of the statutory bond the administrator is required to administer according to law all the personal property of the deceased and the rents which may come

into his possession and into the possession of any person for him. Part of the administration of any estate is the payment by the administrator to those entitled to a distribution of the surplus of the estate, if there is any. G. L. 1923, C. 367, Section 9 provides that the surplus of any personal estate of a deceased person, not bequeathed, shall be distributed by order of the probate court which shall have granted administration, when there are surviving issue of deceased, one half to the widow and the residue to the heirs in the same manner as real estate descends. At any time after one year from the date of the first publication of notice of the qualification of first administrator, the probate court may make an order of distribution if the administrator has paid all claims that have been filed and allowed or proved (C. 369, s. 17) and within two years administrators shall obtain an order of distribution ascertaining the distributees and the proportions of the personal estate due each (s. 18). Section 11 provides that if an estate is to be distributed in whole or in part, the probate court, upon the petition of any person interested, may order the executor or administrator to sell the personal property and distribute it among those entitled thereto. An account of such distribution when proved and allowed by the probate court shall exonerate the executor and administrator and their sureties from all liability under the decree. (s. 12). A distribution properly made without an order of this court, after account thereof made to and allowance by the court, shall exonerate and discharge the executor and administrator and their sureties from liability. *Wright* v. *Roberts*, 47 R. I. 306.

The administrator in this case has obstructed and delayed the final settlement of this estate. Having charged himself with the balance in cash, subject to distribution, his account having been allowed and the time for appeal therefrom having expired, it is now too late for him to set up in his defence, if it be the fact, that he has not reduced all of the personalty to cash.

The defendants' exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*McKenna & Boudreau,* for plaintiff.

*Leonidas Pouliot, Jr.,* for defendant.